,IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEBRA MCINTOSH,
Plaintiff,

v.

USAA GENERAL INDEMINITY
COMPANY,
Defendant.

Case No. 20–CV–00816–JPG

## ORDER

This is an insurance dispute. Before the Court is the litigants' Stipulation to Bifurcate & Stay Discovery, which the Court construes as a motion under Federal Rule of Civil Procedure 42(b). (ECF No. 16). In brief, they ask the Court to resolve the plaintiff's breach-of-contract claim before addressing her bad-faith claim under the Illinois Insurance Code.

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). That said, "Rule 42(b) obviously is not mandatory." *Ammesmaki v. Interlake S.S. Co.*, 342 F.2d 627, 631 (7th Cir. 1965). "The district court has considerable discretion to order the bifurcation of a trial," and it may do so provided that it "1) serves the interests of judicial economy or is done to prevent prejudice to a party; 2) does not unfairly prejudice the non-moving party; and 3) does not violate the Seventh Amendment." *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000).

Although litigation of the breach-of-contract claim could obviate the need to try the bad-faith claim, bifurcation would not promote judicial economy. Both claims are based on the same operative facts; and should the Court find in favor of the plaintiff on the breach-of-contract claim, then bifurcation of the bad-faith claim would only prolong this litigation. *See, e.g.*, *Parker v.*

*Allstate Indem. Co.*, 427 F. Supp. 3d 1006, 1008 (S.D. Ill. 2019) (Gilbert, J.) (ruling on breach-of-contract and bad-faith claims together at summary judgment); *Bitpay, Inc. v. Mass. Bay Ins. Co.*, 315 F.R.D. 698, 700–701 (N.D. Ga. 2016) (denying motion to bifurcate in a similar case) ("Such an exercise in hair-splitting would waste precious judicial resources, and result in unnecessarily duplicative discovery if Plaintiff in fact succeeds in proving that the loss was covered."); *Griffith v. Allstate Ins. Co.*, 90 F. Supp. 3d 344, 345–48 (M.D. Pa. 2014) (same).

The Court therefore **DENIES** the litigants' Stipulation to Bifurcate & Stay Discovery, construed as motion under Rule 42(b).

**IT IS SO ORDERED.**

**Dated: Monday, October 19, 2020**

                                              **S/J. Phil Gilbert**
                                              **J. PHIL GILBERT**
                                              **UNITED STATES DISTRICT JUDGE**