IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEBRA MCINTOSH,
Plaintiff,

v.                                                      Case No. 20–CV–00816–JPG

USAA GENERAL INDEMNITY COMPANY,
Defendant

**<u>MEMORANDUM OPINION AND ORDER</u>**

This is a breach-of-contract case. Before the Court is Plaintiff Debra McIntosh's Motion for the Court to Remand This Action to the Circuit Court of Williamson County. (ECF No. 14). Defendant USAA General Indemnity Company responded. (ECF No. 18). For the reasons below, the Court **DENIES** the plaintiff's Motion.

## I.   PROCEDURAL & FACTUAL HISTORY

In June 2018, the plaintiff, an Illinois citizen, was in a serious car accident that left her severely injured. (Compl. 3, ECF No. 1-1). She had an insurance policy with the defendant, USAA General Indemnity Company, that "provided underinsured motorist insurance coverage and med pay insurance coverage," (*id.*), up to $300,000, (Policy 5, ECF No. 18-1). The defendant's most recent settlement offer was for $40,000, but the plaintiff apparently declined. (Compl. at 5). Rather, the plaintiff asserts that the defendant failed to "provide[] an equitable offer in a reasonable time frame" and that its "actions toward settlement . . . have been vexatious and unreasonable." (*Id.*). So she sued these three parties for breach of contract in Illinois's First Judicial Circuit Court:

(1)     USAA General Indemnity Company;

(2)     USAA Casualty Insurance Company; and

(3)     USAA Insurance Agency, Inc.

(*Id.* at 1). She seeks "compensatory damages for any past and future medical expense, any past and future pain and suffering, any lost wages, and any impairment in her ability to earn money in the future to the extent of their policy, which was active and in force on the day of the aforementioned collision." (*Id.* at 6).

In August 2020, the plaintiff voluntarily dismissed USAA Casualty Insurance Company and USAA Insurance Agency, Inc. with prejudice, making USAA General Indemnity Company the only defendant. (Agreed Order 1, ECF No. 1-2).

Later that month, the defendant invoked diversity jurisdiction and removed the case to federal court. (Notice of Removal 1, ECF No. 1). It asserts that complete diversity exists because the plaintiff is an Illinois citizen and USAA General Indemnity Company is a Texas corporation with "its principal place of business at 9800 Fredericksburg Road, San Antonio, Texas 78288." (*Id.* at 3).

The plaintiff moved to remand. (Mot. to Remand 1, ECF No. 14). Even though she voluntarily dismissed USAA Casualty Insurance Company and USAA Insurance Agency, Inc., she still refers to the "USAA Defendants." (*Id.*). At any rate, she contends that the "USAA Defendants are owned subsidiaries of an unincorporated association"—a "reciprocal interinsurance exchange, registered with the Illinois Department of Insurance, authorized to issue insurance policies in the State of Illinois, and providing coverages in the State of Illinois." (*Id.* at 2). The plaintiff therefore argues that the defendant is an Illinois citizen and that the Court lacks subject-matter jurisdiction. (*Id.*).

## II.    LAW & ANALYSIS

"When a plaintiff files suit in state court but could have invoked the original jurisdiction of the federal courts, the defendant may remove the action to federal court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) (citing 28 U.S.C. § 1441(a)). And federal courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." *Id.* § 1332. The removing party must "prove those jurisdictional facts by a preponderance of the evidence." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

A corporation is generally "a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ." *Id.* § 1332(c)(1). An unincorporated association, on the other hand, is a "mere collection[] of individuals," *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980), so its citizenship "must be traced through however many layers of partners or members there may be," *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Finally, an individual is a citizen in the State in which he or she is domiciled. *See Gilbert v. David*, 235 U.S. 561, 568–69 (1915). (The litigants agree that the plaintiff is an Illinois citizen.)

The plaintiff argues that the defendant is an unincorporated association with a member in the State of Illinois, thereby defeating diversity jurisdiction. The Court disagrees.

Magistrate Judge Schenkier of the Northern District of Illinois faced a nearly identical situation in *Porter v. USAA Casualty Insurance Company*, concluding that USAA Casualty Insurance Company is a Texas corporation, not an unincorporated association:

> Ms. Porter argues that removal was improper because the parties are not of diverse citizenship. She asserts that "**USAA**" is a reciprocal insurance exchange that is an **unincorporated association** with subscribers/members in all 50 states, and thus—as is Ms. Porter—**USAA** is a citizen of Illinois . . . .
>
> For its part, USAA CIC asserts that complete diversity exists in this matter because the defendant in this case is USAA CIC, a Texas corporation . . . .
>
> While plaintiff may be correct that United Services Automobile Association is a reciprocal exchange that is considered to have the citizenship of its members in all 50 states for diversity purposes, United Services Automobile Association is not the defendant in this case. The cases Ms. Porter relies on in support of her assertion about the citizenship of United Services Automobile Association are distinguishable; in those cases, United Services Automobile Association was actually named as a party and USAA CIC was not. Thus, USAA CIC, a Texas corporation and the lone defendant in the case pending before this Court, and Ms. Porter, an Illinois citizen, are diverse parties. There is no dispute that Ms. Porter seeks a recovery in excess of $75,000.00. Thus, the requirements for diversity jurisdiction have been met.

No. 19 C 3912, 2020 WL 94063, at *2–3 (N.D. Ill. Jan. 8, 2020) (emphasis in original) (internal citations omitted).

The same is true here. The plaintiff sued USAA General Indemnity Company, a Texas corporation—not USAA, the unincorporated association. And like in *Porter*, the cases that the plaintiff cites for support are inapt because they involve suits against the unincorporated association, not a corporate subsidiary. *Compare Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844–45 (10th Cir. 1988) (noting that diversity jurisdiction did not exist in a suit against USAA, the unincorporated association), *and Baer v. United Servs. Auto. Ass'n*, 503 F.2d 393, 396 (2d Cir. 1974) (same), *with Lucas v. USAA Cas. Ins. Co.*, 716 Fed. App'x 866, 867 n.1 (11th Cir. 2017) (noting that diversity jurisdiction existed in a suit against USAA Casualty Insurance Company, a Texas corporation), *and Budnella v. USAA Gen. Indem. Co.*, No. 20-cv-00944-KMT, 2020 WL

— 4 —

2847627, at *4 (D. Colo. June 2, 2020) ("[G]iven that USAA Insurance Group is not a party to this lawsuit, the relationship between USAA Insurance Group and USAA GIC that might justify the imputation of USAA Insurance Group's citizenship to USAA GIC, Plaintiff's argument here is without merit."). So because the plaintiff and the defendant, USAA General Indemnity Company, are citizens of different States, Illinois and Texas, complete diversity exists.

Finally, the Court notes that the plaintiff does not dispute—adequately at least—that the amount-in-controversy requirement is met. Besides two sentences in the introduction, the Motion to Remand focuses exclusively on the diversity requirement:

> Defendants further contend that the amount in controversy exceeds $75,000 . . . even though Plaintiff's complaint did not state a specific total amount of damages. Complete diversity of citizenship does not exist as to the parties herein, **whether the amount in controversy exceeds the jurisdictional minimum for this court is a non-issue**.

(Pl.'s Mem. in Support 2, ECF No. 14-1) (emphasis added). The Court will not, however, consider the issue waived as suggested by the defendant: "Jurisdictional objections cannot be forfeited or waived, of course, for this court has an 'independent obligation to satisfy itself that federal subject-matter jurisdiction exists.' " *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 718 (7th Cir. 2012) (quoting *Smith v. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003)). In any event, the defendant met its burden of establishing the amount in controversy, as the plaintiff suffered severe injuries and may incur significant medical expenses and lost wages, not to mention emotional distress. She seeks the full extent of her policy, up to $300,000. Indeed, the removing party need not "establish what damages the plaintiff *will* recover, but only how much is in controversy between the parties." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (emphasis added). So the plaintiff's assertion that the $40,000 settlement offer was "vexatious and

unreasonable" underscores that the amount in controversy likely exceeds the jurisdictional minimum.

III.    **CONCLUSION**

The Court **DENIES** Plaintiff Debra McIntosh's Motion to Remand.

**IT IS SO ORDERED.**

**Dated: Thursday, January 21, 2021**

**S/J. Phil Gilbert_____**
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**
