IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEBRA MCINTOSH,
Plaintiff,

v.

Case No. 20–CV–00816–JPG

USAA GENERAL INDEMNITY COMPANY,
Defendant.

# ORDER

This is an insurance dispute. The litigants—Plaintiff Debra McIntosh and Defendant USAA General Indemnity Company ("USAA")—previously filed a Stipulation to Bifurcate & Stay Discovery, (ECF No. 16), which the Court construed as a motion under Federal Rule of Civil Procedure 42(b) and denied on judicial-economy grounds, (ECF No. 17). Now USAA asks for reconsideration. (ECF No. 19). More specifically, it argues that it might suffer prejudice if a jury were to hear about its handing of McIntosh's uninsured-motorist-coverage claim (Count II for bad-faith refusal to pay) while also deciding whether McIntosh's accident-related damages entitle her to coverage in the first place (Count I for breach of contract). The Court disagrees.

USAA's concern about possible prejudice can be mitigated by a limiting jury instruction. "Courts commonly instruct juries to deliberate the causes of action in a particular order coupled with additional limiting instructions that admonish the jury that certain evidence may not be considered for one claim, but only for another." *Wellington v. Lake Health Sys., Inc.*, No. 1:19-cv-0938, 2020 WL 1031537, at *2 (N.D. Ohio Mar. 3, 2020). Indeed "the normal procedure is to try compensatory and punitive damages claims together with appropriate instructions to make clear to the jury the difference in the clear and convincing evidence required for the award of punitive damages." *McLauglin v. State Farm Mut. Auto Ins. Co.*, 30 F.3d 861, 870–71 (7th Cir. 1994). And

other courts have routinely found that a limiting jury instruction is enough to prevent unfair prejudice in similar insurance disputes. *E.g.*, *Alele v. Geico Gen. Ins. Co.*, 420 F. Supp. 3d 1124, 1130 (D. Nev. 2019) (denying request to bifurcate discovery and trial) ("Any concerns about prejudice or confusion or confusion on the jury's part can be properly addressed through jury instructions and counsels' opening statements and closing arguments."); *Frazier v. Farmers Mut. Ins. Co. of Neb.*, No. 19-4132, 2020 WL 2616215, at *2 (D.S.D. May 22, 2020) (denying request to bifurcate discovery and trial) ("The Court has presided over numerous jury trials and is convinced that any potential confusion can be remedied by carefully crafted jury instructions."); *6515 MacCorkle, LLC v. Evanston Ins. Co.*, No. 2:20-cv-00253, 2020 WL 5824446, at *2–3 (S.D.W. Va. Sept. 30, 2020) (denying request to bifurcate discovery and trial) ("Appropriate instructions are generally adequate to avoid jury confusion as to the legal standards and relevant facts for multiple claims. Insurance coverage disputes with bad faith claims are not a blanket exception requiring automatic bifurcation . . . .").

The Court therefore **DENIES** USAA's Motion for Reconsideration.

**IT IS SO ORDERED.**

**Dated: Wednesday, July 7, 2021**

<u>S/J. Phil Gilbert</u>
**J. PHIL GILBERT
UNITED STATES DISTRICT JUDGE**